## Lukens et al. v. Upper Moreland Township

*Ditter & Ditter*, for appellants.
*Samuel H. High, Jr.*, contra.

KNIGHT, P. J., February 25, 1952.—This is an appeal from a decision of the Board of Commissioners of Upper Moreland Township taken under the provisions of paragraph (f) of section 3066 of the Act of June 24, 1931, P. L. 1206, as amended by the Act of May 31, 1947, P. L. 362.

While the issue involved here is a narrow one, some

findings of fact may be helpful in understanding the question of law before us.

1. On June 21, 1948, the Board of Commissioners of Upper Moreland Township adopted a resolution under the provisions of the above cited act regulating subdivisions in the township.

2. On and before the above date plaintiffs owned some 10 acres of vacant land at the intersection of Monument Avenue and Township Line Road in the township.

3. Subsequent to the passage of the resolution, plaintiffs subdivided their 10 acres of land into five parcels without submitting a plan of the subdivision to the commissioners as required by the ordinance. Plaintiffs have sold and conveyed three of these parcels.

4. After learning of the requirements of the subdivision resolution plaintiffs caused to be prepared by a registered engineer a plan of the subdivision which was submitted to the board of commissioners and rejected. This appeal followed.

5. Through the 10-acre tract from north to south flows a small stream. On the plan submitted to the commissioners, this stream is shown with dotted lines on each side of it marked "20' right of way for use of township for sewers."

6. Plaintiffs, as well as the other owners of the subdivided plot, have signed this certificate appearing on the plan: "The offer of dedication of township rights of way and future street widenings as indicated on the plan is hereby approved."

7. On the northwest corner of the 10-acre tract as subdivided by plaintiffs, they have retained title to a lot containing in front on Township Line Road 138 feet and extending in depth 175 feet. Through the southwest corner of this lot flows the stream above mentioned and extends the right-of-way described in finding 5. On the plan within the boundaries of the

lot appears the following: "The easement or right of way for drainage over this lot is not offered for dedication to the township of Upper Moreland."

8. The only reason assigned by the board of township commissioners for refusing to approve the plan of subdivision submitted by plaintiffs is that they, plaintiffs, have not offered to dedicate the right-of-way for sewer purposes to the township.

## Discussion

The sole reason given by the Board of Commissioners of Upper Moreland Township for refusing to approve plaintiffs' plan of subdivision is that plaintiffs refuse to offer for dedication an easement 20 feet wide through their lot to be used by the township for sewer purposes.

If the commissioners had no authority to make their approval conditional upon plaintiffs' offer to dedicate, then their refusal to approve the plan for this reason was an illegal and arbitrary exercise of power and should be corrected.

The commissioners rely on section 5 of the subdivision ordinance, which is captioned:

"Layouts submitted for tentative or final approval must conform to the following conditions:

"Paragraph 9—Easements or rights-of-way for utilities shall have a minimum width of eight (8) feet, four (4) feet on each side of rear or side lines of lots, and shall remain unobstructed. Rights-of-way not less than twenty (20) feet wide will be provided along natural water courses for the use of the township for construction of storm and sanitary sewers."

The subdivision resolution of the township derives validity and authority from the enabling act of assembly, namely the Act of May 31, 1947, P. L. 362. Paragraph (i) of section 3066 of this act provides:

"Offer of Dedication may be noted on Record Plan.

Streets, parks and other public improvements shown on a subdivision plan to be recorded may be offered for dedication to the township by formal notation thereof on the plan or the owner may note on the plan that such improvements have not been offered for dedication to the township."

It will be noted that under paragraph 4, sec. 2, of the ordinance a subdivider may note on his plan "subject to the approval of the Board," that he does not offer an improvement for dedication. The right to put such a notation on the plan is given the owner by the enabling Act of 1947 and the board of commissioners by resolution could not restrict or deny it.

Paragraph (*i*) of section 3066 of the Act of 1947, supra, gave to a subdividing owner of land the right to say whether he would or would not dedicate any improvement shown on the plan to the township without compensation. If he refused to offer the improvement for dedication, then the township could resort to the constitutional method of taking private property for public use, namely by condemnation and payment.

Without this provision the constitutionality of that portion of the Act of 1947, supra, would be doubtful indeed.

Paragraph 9 of the subdivision resolution, supra, provides that it is only along natural water courses that a plan of a proposed subdivision must show a right-of-way 20 feet wide for the construction of storm and sanitary sewers. If the township wished to acquire an easement for sewer purposes through the land of an owner where there was no natural water course, the only way it could be accomplished under the law and under the resolution is by condemnation proceedings. We have then to determine whether the presence of a natural water course on plantiffs' lot gives to the township any additional authority to require plaintiffs to dedicate the easement. No question is raised about

the right of the township to require that a 20-foot right-of-way along the water course be shown on the plan as set aside or reserved for township sewers, the question is can the township compel plaintiffs to dedicate the easement to the township without compensation.

It is conceivable that the stream by reason of pollution or other cause might become a menace to the public health or safety in which event the township in the exercise of its police powers might enter plaintiffs' lot and abate the nuisance by putting the stream in a sewer pipe, but there is no evidence that the stream is a menace to the public health or safety nor is there any evidence that it would require a strip 20 feet wide to install the sewer.

A water course is the natural location for sewers for nature has done the engineering work and plaintiffs hold their land subject to the easement of the stream which flows across it but this does not mean that the township can acquire, without compensation, an easement to construct an artificial water course over their land simply because it is the best and most convenient place to construct it.

We hold then that the Commissioners of Upper Moreland Township were not justified in refusing to approve the plan of subdivision submitted by plaintiffs solely and entirely because it had on it a notation that plaintiffs did not offer for dedication an easement 20 feet wide, as shown on the plan across the corner of their lot, to the township for sewer purposes.

There is another reason why the plan should have been approved. If the township by reason of its police power or for any other reason could acquire an easement for the construction of a sewer without compensating the owners, then an offer to dedicate was entirely unnecessary and the notation on the plan was surplusage and of no effect whatever.

And now, February 25, 1952, the action of the Board of Commissioners of Upper Moreland Township in failing to approve the plan of subdivision of plaintiffs, identified by the number 9447 and prepared October 25, 1950, is reversed and the plan is approved, and it is further ordered and directed that an approved duplicate copy of such plan shall, within 30 days of the date of approval, be recorded by the owners in the office of the Recorder of Deeds in and for Montgomery County together with a certified copy of this decree.

Since this case was heard by only one judge of this court, exceptions may be taken to the above order and adjudication within 15 days from the date hereof. If no exceptions are taken, the above decree shall become the final judgment of the court.